UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PRESTON STANLEY BROOKS,

    Plaintiff,

v.

INTERNATIONAL FLIGHT CENTER, INC.,
J.V. AIR MAINTENANCE, INC.,
JOEL VALLE,
WILFREDO VALLE,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, PRESTON STANLEY BROOKS, brings this action against Defendants, INTERNATIONAL FLIGHT CENTER, INC., J.V. AIR MAINTENANCE, INC., JOEL VALLE, and WILFREDO VALLE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff PRESTON STANLEY BROOKS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, INTERNATIONAL FLIGHT CENTER, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of airplane storage, at all times material hereto was the "employer" of Plaintiff as that

1

term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, J.V. AIR MAINTENANCE, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of airplane storage, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, INTERNATIONAL FLIGHT CENTER, INC. and J.V. AIR MAINTENANCE, INC., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Defendants, INTERNATIONAL FLIGHT CENTER, INC. and J.V. AIR MAINTENANCE, INC., were joint employers of Plaintiff, under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8. Defendant, JOEL VALLE, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, INTERNATIONAL FLIGHT CENTER, INC., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, JOEL VALLE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, WILFREDO VALLE, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, INTERNATIONAL FLIGHT CENTER, INC., and controlled

Plaintiff's duties, hours worked, and compensation. Accordingly, WILFREDO VALLE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendant, JOEL VALLE was, and now is, a manager of Defendant, J.V. AIR MAINTENANCE, INC., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, JOEL VALLE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Defendant, WILFREDO VALLE was, and now is, a manager of Defendant, J.V. AIR MAINTENANCE, INC., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, WILFREDO VALLE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

12. Plaintiff PRESTON STANLEY BROOKS worked for Defendants as a line service and maintenance technician.

13. Defendants filed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

14. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

15. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages by filing to compensate Plaintiff his proper overtime wages.

16. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791